IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODGER L. JOHNSON,         )
         )
         Plaintiff,    )
         )
vs.         )    Case No. 12-cv-0568-MJR-DGW
         )
ALBERICI CONSTRUCTORS, INC.,    )
IRVING EQUIPMENT, L.L.C.,    )
CONCORD CONCRETE PUMPS, INC.,    )
and UNITED STATES OF AMERICA,    )
         )
         Defendants.    )

--------------------------------------------------------------------------------

IRVING EQUIPMENT, LLC,    )
         )
         Third-Party Plaintiff,    )
         )
vs.         )
         )
URS ENERGY & CONSTR., INC.,    )
         )
         Third-Party Defendant.    )

--------------------------------------------------------------------------------

IRVING EQUIPMENT, LLC.,    )
         )
         Crossclaim Plaintiff,    )
         )
vs.         )
         )
ALBERICI CONSTRUCTORS, INC., and    )
CONCORD CONCRETE PUMPS, INC.    )
         )
         Crossclaim Defendants.    )

--------------------------------------------------------------------------------

ALBERICI CONSTRUCTORS, INC.,       )
                                   )
              Crossclaim Plaintiff,       )
                                   )
vs.                                )
                                   )
IRVING EQUIPMENT, LLC.,            )
                                   )
              Crossclaim Defendant.       )

-----------------------------------------------------------------------------------------------------------

URS ENERGY & CONSTR., INC.,        )
                                   )
              Counterclaim Plaintiff,       )
                                   )
vs.                                )
                                   )
IRVING EQUIPMENT, LLC,             )
                                   )
              Counterclaim Defendant.       )

-----------------------------------------------------------------------------------------------------------

ALBERICI CONSTRUCTORS, INC.,       )
                                   )
              Third-Party Plaintiff,       )
                                   )
vs.                                )
                                   )
UNITED INSURANCE SERVICE,          )
                                   )
              Third-Party Defendant.       )

-----------------------------------------------------------------------------------------------------------

<u>MEMORANDUM and ORDER</u>

REAGAN, District Judge:

In late April 2012, Rodger Johnson filed the above-captioned suit in this Court.

Johnson, who was employed by URS Corporation in May 2010 as a laborer on a lock

and dam project (Doc. 41, p. 2), was struck in the head by a concrete tube/pipe and alleges that he sustained substantial injuries, disability, and disfigurement. Johnson's third amended complaint named four Defendants: (1) Alberici Constructors, Inc. (Alberici), (2) Irving Equipment, L.L.C. (Irving), (3) Concord Concrete Pumps, Inc. (Concord), and (4) the United States of America (USA). In addition to Johnson's claims against these four Defendants (referred to as pleading **A**), the file now contains:

> **B –** a third-party complaint by Irving against URS Energy & Construction, Inc. (URS Energy) (Doc. 78);
> **C –** a crossclaim by Irving against Alberici and Concord (Doc. 79);
> **D -** a crossclaim by Alberici against Irving (Doc. 83);
> **E -** a counterclaim by URS Energy against Irving (Doc. 85); and
> **F -** a third-party complaint by Alberici against United Insurance Service (Doc. 92).

The case is set for settlement conference August 8, 2013 before the Honorable Donald G. Wilkerson. It has a discovery cutoff of June 6, 2014, a dispositive motion deadline of January 21, 2014, a final pretrial conference May 9, 2014, and is set for jury trial before the undersigned District Judge on May 19, 2014.  Now before the Court is a motion to vacate two clerk's entries of default. For the reasons stated below, the motion will be granted.

The procedural posture of this case (who sues whom) is confusing, but the motion before the Court is straightforward. On two separate dates, the clerk's office made an entry of default against Concord. First, on February 21, 2013, an entry of default was made against Concord at the request of Plaintiff, Rodger Johnson. Second, on June 5, 2013, an entry of default was made against Concord on the motion of

Page 3

Crossclaim Plaintiff Irving.[1]   Concord seeks to set aside both entries of default via motion filed June 24, 2013 (Doc. 114).  The motion is supported by memorandum filed July 9, 2013 (Doc. 132), opposed by Plaintiff Johnson on July 7, 2013 (Doc. 128), and opposed by Crossclaimant Irving on July 9, 2013 (Doc. 134).

Federal Rule of Civil Procedure 55(a) governs default *entries*[2], and Federal Rule of Civil Procedure 55(b) governs default *judgments*.  Rule 55(c) provides that a court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  **FED. R. CIV. P. 55(c).**

Rule 55(c) does not specify what constitutes "good cause," but the United States Court of Appeals for the Seventh Circuit has explained that to prevail on a Rule 55(c) motion, the movant must demonstrate (1) good cause for his default,[3] (2) quick action to correct it, and (3) a meritorious defense to the complaint.  ***Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-31 (7th Cir. 2009); *Sun v. Board of Trustees of Univ. of Illinois,* 473 F.3d 799, 809-10 (7th Cir.),** *cert. denied,* **127 S. Ct. 2941 (2007); *Pretzel & Stouffer v. Imperial Adjustors, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994).**

---

[1]   The June 5, 2013 default entry (Doc. 95) erroneously lists Plaintiff Johnson as the party requesting that entry of default.  A notice of errors has been entered to correct the record (*see* Doc. 129).

[2]   A clerk's entry of default under Rule 55(a) is simply the official recognition that a party (against whom affirmative relief is sought) has failed to plead or otherwise defend against the claim.  **See STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN, & JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK at 1086 (2013).**

[3]   The Seventh Circuit also has clarified that as used in this Rule 55(c), the phrase "good cause" is not necessarily a synonym for excusable neglect. ***Sims v. EGA Products, Inc.,* 475 F.3d 865, 868 (7th Cir. 2007).**

Although the same three-pronged test applies to motions to set aside default entries and motions to set aside default judgments, the test "is more liberally applied" to the former (clerks' entries of default). *See Cracco*, **559 F.3d at 630-31.** *See also Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, **687 F.2d 182, 187 (7th Cir. 1982) ("The elements of relief from default judgment are basically the same as the elements for setting aside an entry of default, although the tests are more stringently applied in the case of a default judgment.").**

Thus, it bears note that in the case at bar, only clerk's entries of default have been secured against Concord, so the undersigned uses "the lenient standard" and enjoys "greater freedom" to grant relief than would be available if default judgment had been entered.  *Cracco*, **559 F.3d at 631,** *quoting* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2692 at 88 (3d ed. 1998).  The law of this Circuit also reveals that federal courts are to honor "a policy of favoring trial on the merits over default judgment."  *Cracco*, **559 F.3d at 631.**  Setting aside the entries of default in the case sub judice furthers that policy.

Moreover, Concord has shouldered its burden on the three elements needed for the relief sought.   First, as to "good cause," Concord (a Canadian corporation with its principal place of business in British Columbia, Canada) has offered a reasonable explanation for its failure to answer both Johnson's amended complaint and Irving's crossclaim.

Concord contends that it has never been properly served, so the clerk's entries of default are void.[4]  This argument is based on the contention that the purported service of both pleadings failed to comply with British Columbia's service rules, was improper under the Hague Convention, and in turn was ineffective under Federal Rule of Civil Procedure 4(f).  Alternatively, Concord requests that the entries of default be vacated for good cause shown.   This argument is summed up on page 9 of Concord's memorandum (Doc. 132):  "assuming valid service, Concord acknowledges that it failed to timely answer the Complaints against it, but asserts that such failure was not intentionally willful and was not an attempt to evade or disregard the Court's authority, but was instead, a misunderstanding of procedure that resulted in an unfortunate, but not prejudicial, delay in entering its appearance in this case."

The undersigned Judge agrees with this assessment.   The record shows that Concord "did not willfully ignore the pending litigation," *Cracco*, **559 F.3d at 631.** Concord (uncertain whether proper service had been effected) did not immediately respond.   Concord says it learned of both defaults (Johnson's and Irving's) via notice from Irving after the second default was entered.   Once Concord had this information, it took quick action.  Irving's default was obtained on June 5, 2013.  Counsel for Concord entered an appearance on June 20, 2013 and filed the motion to vacate both entries of default four days later, on June 24, 2013.

---

[4]      To the extent that Concord seeks *dismissal* of Johnson's third amended complaint and Irving's crossclaim, such relief is not properly requested via the July 9, 2013 Rule 55(c) memorandum and would have to be presented via separate motion, with its own supporting memorandum and an opportunity for full briefing by opposing counsel.

Page 6

In addition to showing good cause for the default and quick action to correct it, Concord has sufficiently demonstrated a meritorious defense to the claims against it. As to Johnson's third amended complaint (which alleges that Concord was doing business in Pulaski County, Illinois and negligently failed to train Johnson), Concord points out that it did not do business in Pulaski County (its principal place of business is in British Columbia), and it provided no training whatsoever to Johnson.   Concord maintains that the evidence will show that: (a) a contract was entered between Johnson's employer and Irving, under which Irving undertook to provide training on the use of the concrete pump involved; and (b) that Johnson's employer and Irving disregarded express warnings about "the items that could be hung from the edge of the boom" on the device (no more than a 10-foot hose rubber hose could be hung from the boom, but Johnson's employer used a 20-foot steel pipe).   In other words, Concord intends to show that its product was properly manufactured, and the sole proximate cause of Plaintiff Johnson's injury was his employer's disregard of express warnings for safe use of the product.

As to Irving's crossclaim against Concord, Concord tenders similar arguments that the evidence will establish that the pump was designed and manufactured in accord with all applicable industry standards, and it was Johnson's or his employer's modifications to the pump (or failure to properly use the pump as instructed) that resulted in Johnson's injuries.

Concord has made the necessary showing to set aside the clerk's entries of default under Rule 55(c).  Accordingly, the Court **GRANTS** Concord's motion (Doc. 114) and **VACATES/sets aside** the entries of default (Doc. 63, Doc. 95).

An additional motion has just been filed in this matter. Two days ago, United Insurance Service (a third-party defendant and the latest party to enter herein) moved to amend the discovery schedule and continue the trial date.  To the extent that the motion requests amendment of the discovery schedule, the motion (Doc. 135-1) **will be ruled on by Magistrate Judge Wilkerson**.  To the extent the motion seeks to continue trial (Doc. 135-2), the undersigned District Judge **DENIES** it.

The undersigned is sympathetic to the fact that counsel are working hard to complete all necessary depositions and that the entry of additional parties, who need to "catch up," complicates this process.  However, the Court (anticipating the nature of the suit) gave this case a "C" track a year ago and has already continued the trial once from its initial setting – from October 21, 2013 (see Doc. 12) to May 19, 2014 (see Doc. 71).

The May 19, 2014 date is a firm setting around which other trials and hearing have been carefully scheduled. A second continuance herein (given the undersigned Judge's current trial docket, with no available slot until late July 2015) would result in an unacceptable delay in this case.

The parties are free to consent to trial before Magistrate Judge Wilkerson, who enjoys a more flexible docket and generally can accommodate requests for trial

continuances and related deadlines.[5]  Consent forms can be downloaded from the Court's website or provide upon request via email from Courtroom Deputy Debbie DeRousse (618-482-9298).

IT IS SO ORDERED.

DATED July 12, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

---

[5]  This is mentioned solely as one option; adverse consequences will not result from any party electing to withhold consent.

Page 9